UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY P. MANGES, )<br>)<br>    Plaintiff )<br>)<br>vs. )<br>)<br>TERRY HARMAN, *et al.*, )<br>)<br>    Defendants ) | Cause No. 3:11-CV-369 RM |

OPINION AND ORDER

Plaintiff Timothy Manges is a prisoner confined at the Indiana State Prison ("ISP"); the defendants are ISP officials. This matter is before the court on Mr. Manges's Motion for a "preventive injunction," to enjoin "any actions that would substantially change the Petitioner's confinement in the Indiana State Prison . . ." (DE 2 at 1). The court will treat Mr. Manges's motion as a request for a preliminary injunction pursuant to Fed R. Civ. P. 65(a). Temporary injunctive relief is an extraordinary remedy that is only granted where there is a clear showing of need. Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir.1999) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. 7 Pt. 2 Moore's Federal Practice and Procedure § 65.04 (1); *see* Texas v. Camenisch, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until

a trial on the merits can be held."); E.E.O.C. v. City of Janesville, 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo*."). A party seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. Vencor, Inc. v. Webb, 33 F.3d 840, 845 (7th Cir. 1994); Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 313-14 (7th Cir. 1994); Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." Id. If these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is denied, and consider the harm caused to the public by granting or denying preliminary relief." Vencor, Inc. v. Webb, 33 F.3d at 845; Abbott Laboratories v. Mead Johnson & Co., 971 F.2d at 12-13; Kellas v. Lane, 923 F.2d 492, 493-494 (7th Cir. 1990). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981); Bell v. Wolfish, 411 U.S. at 547.

Mr. Manges asks the court to enter an order preventing ISP officials from transferring him to another facility, changing his work assignment, or making any other substantive change in his conditions of confinement without this court's approval. He says he has been at the ISP since March 2002 and that in his current housing assignment for five

years, and that he "has no intentions of changing his housing assignment" (DE 2). Convicted prisoners have no expectation that they will remain in any particular facility or hold any particular job assignment, and prison officials have broad authority to transfer prisoners from one facility to another. Meachum v. Fano, 427 U.S. 215 (1976); Montayne v. Haymes, 427 U.S. 236 (1976).

Mr. Manges hasn't met the threshold requirement of showing that immediate and irreparable harm will befall him if ISP officials transfer him to another facility or if they change his job assignment or modify his conditions of confinement. A party seeking a preliminary injunction must demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. Vencor, Inc. v. Webb, 33 F.3d at 845. Mr. Manges hasn't met these requirements.

Moreover, an open ended order, such as Mr. Manges seeks, would be contrary to the deference this court is to provide to correctional officials in the adoption and execution of policies for the operation of a penal institution. Whitley v. Albers, 475 U.S. at 321-322.. When dealing with prisoner cases, federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of penal institutions. Whitley v. Albers, 475 U.S. 312, 321-322 (1986), quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981); Bell v. Wolfish, 411 U.S. at 547. Federal courts don't interfere with matters of prison management, such as which facility a

particular prisoner is housed, without a showing that a particular situation violates the Constitution. Mendoza v. Miller, 779 F. 2d 1287, 1292 (7th Cir.), *cert. denied*, 476 U.S. 1142 (1986).

Mr. Manges submits nothing in support of his claims except his unverified petition, and he hasn't provided justification for this court to take the extraordinary step of requiring his custodians to obtain approval of this court before they can make any change to his conditions of confinement.  The order Mr. Manges seeks would also be contrary to the deference this court is to provide to correctional officials in the adoption and execution of policies for the operation of penal institutions. Whitley v. Albers, 475 U.S. at 321-322.

For the forgoing reasons, the court DENIES the plaintiff's motion for a preventive injunction (DE 2).

SO ORDERED.

ENTERED: September 26, 2011

                                                                           /s/ Robert L. Miller, Jr.
                                                                           Judge
                                                                           United States District Court

cc: T. Manges
     B. Clay/V. Voigt