UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY P. MANGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:11-CV-369 PS |
| | ) | |
| TERRY HARMAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Timothy Manges is a Greek Orthodox prisoner currently confined at the Pendleton Correctional Facility, who filed a complaint alleging that officials at the Indiana State Prison ("ISP") interfered with the exercise of his religion while he was confined at the ISP [DE 1]. Manges filed his complaint in the LaPorte Circuit Court, but the Defendants removed the complaint to this court pursuant to 28 U.S.C. §§ 1441 and 1446 [DE 3]. Manges filed an amended complaint after the case was removed to this court, [DE 12], which I screened on July 24, 2012 [DE 18]. In the screening order, I granted Manges leave to proceed against Defendants Terry Harman, David Rogers, William Wilson, Dan McBride, Ron Neal, and Mark Levenhagen in their personal capacities for damages on his First Amendment claim that they interfered with the exercise of his religion, granted him leave to proceed against Defendants Harmon, McBride, and Wilson on the claim that they retaliated against Manges for exercising his right to file grievances, and dismissed all other claims and defendants.

Manges has now filed a motion for leave to file a supplemental complaint [DE 34]. In his proposed supplemental complaint, Manges alleges that on March 23, 2012, Superintendent Wilson retaliated against him by having him transferred from the ISP to the Indiana State

Reformatory because he filed a notice of tort claim, because he filed Freedom of Information Act requests, and because he "assisted others with filing grievances and other court matters" [DE 34-1 at 2].

Federal Rule of Civil Procedure 15(d) provides that the "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Rule 15(d) does not provide an absolute right to expand one's complaint; rather, "the district court has substantial discretion either to permit or to deny such a motion." *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353 (7th Cir. 2011). If granting the motion would result in significant delay of the case, or the plaintiff has unduly delayed filing the motion to supplement, the court should deny the motion. *Doyle v. Prewitt*, 39 Fed. Appx. 344, 348 (7th Cir. 2002) (citing undue delay and pendency of summary judgment motions as factors supporting denial of Rule 15(d) motion).

Here, Manges has promptly filed his Rule 15(d) motion, so there has been no undue delay on his part, and the case would not be delayed by allowing Manges to add additional claims. The claims in Manges's amended complaint, which is currently before me, are that the Defendants allegedly interfered with the exercise of Manges's exercise of his religion between 2009 and 2011, and that some of the Defendants retaliated against him for filing grievances dealing with their interference with his religious exercise [DE 12 at 3-8]. The supplemental complaint seeks to sue Superintendent Wilson for retaliating against Manges in March 2012 for filing a notice of tort claim, filing freedom of information act requests, and for his activities in the ISP law library assisting other inmates to file grievances [DE 34-1 at 1-2]. In other words,

2

Manges initially claimed that he was retaliated against for filing grievances regarding the prison's interference with his religion; and he now claims that he's been retaliated against for essentially the same conduct: filing a lawsuit regarding the prison's interference with his religion. The initial claims and the supplemental claims will involve substantially similar witnesses and evidence, so it makes sense to permit Manges to amend his complaint and handle all of his claims in a single case.

Because the claims Manges seeks to bring in his supplemental complaint are related to the claims presented in his complaint and amended complaint, and for the foregoing reasons, the Court **GRANTS** the Plaintiff's motion for leave to file a supplemental complaint [DE 34], .

**SO ORDERED**.

ENTERED: November 29, 2012

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT